FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jordan Hamati, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Ebenezer Industries Inc. dba Liberty Market, an Arizona corporation, Joe Johnston and Cindy Johnston, a married couple, and David Traina and Kiersten Traina, a married couple,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Jordan Hamati ("Plaintiff"), individually and on behalf of all other similarly situated persons, brings this action against Defendants Ebenezer Industries Inc. dba Liberty Market, Joe Johnston, Cindy Johnston, David Traina, and Kiersten Traina (collectively referred to as "Liberty Market" or "Defendants") for violations of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Arizona wage laws, A.R.S. § 23-350, *et seq*. ("Arizona Wage Statute"), and A.R.S. 23-363 *et seq.* ("Arizona Minimum Wage Statute").

**NATURE OF ACTION**

1. This is a Collective and Class Action Complaint resulting from Defendants' illegal tip pooling and wage practices that result in unpaid minimum wage and unpaid regular wages impacting its employees who are part of Defendants' tip pool ("Class Members").

2. Plaintiff alleges on behalf of himself and all other similarly situated Class Members who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages and payment of the minimum wage for all hours worked, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.,* specifically 29 U.S.C. §§ 206, 216(b).

3. Plaintiff further alleges, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated tipped employees employed by Defendants within the State of Arizona, that they are entitled to timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350, *et seq*., and that they are entitled to payment of the minimum wage, plus interest, statutory damages, and penalties as allowed by the Arizona Minimum Wage Statute, A.R.S. § 23-362, *et seq*.

4. For at least three years prior to the filing of this action, Liberty Market has knowingly withheld wages and the minimum wage from Plaintiff and others similarly situated and as a result failed to pay them statutorily required wages.

**JURISDICTION AND VENUE**

5. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative facts, the state law claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

8. The United States District Court for the District of Arizona has personal jurisdiction because Defendants conduct business within this District and the actions giving rise to this Complaint occurred in this District.

**PARTIES**

9. Plaintiff was a resident of Maricopa County, Arizona during the time period relevant to this Complaint and when he was employed by Defendants. Plaintiff was employed by Defendants from December 21, 2023 until August 24, 2025 and worked as a Busser initially and then as a Server. Pursuant to 29 U.S.C. § 216(b), attached hereto as **Exhibit A** is the Consent to Become a Party Plaintiff and Opt-In to Lawsuit signed by Plaintiff, indicating that Plaintiff consented in writing to be a party plaintiff.

10. Defendant Ebenezer Industries Inc. is an Arizona corporation headquartered in Arizona, with its principal place of business at 230 N. Gilbert Road, Gilbert, Arizona 85234. Defendant Ebenezer Industries Inc. does business under the tradename Liberty Market and is authorized to and regularly conducts business in Arizona, including in Maricopa County. Defendant Ebenezer Industries Inc. dba Liberty Market provides restaurant and bar services at its Gilbert, Arizona restaurant location.

11. Defendant Joe Johnston is a Director, Shareholder, and Vice President of Defendant Ebenezer Industries Inc. dba Liberty Market. As a Director, Shareholder, and Vice President of Defendant Ebenezer Industries Inc. dba Liberty Market, Defendant Joe

Johnston, upon information and belief, sets employment policies for Defendant Ebenezer Industries Inc. dba Liberty Market, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Upon information and belief, Defendant Joe Johnston exercises control over Defendant Ebenezer Industries Inc. dba Liberty Market's operations, and he has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business' day-to-day functions and the decisions impacting the employees who work there. Defendant Joe Johnston acts directly as an employer in relation to Plaintiff and the Class Members and is an employer under the FLSA and Arizona law. Upon information and belief, Defendant Joe Johnston and Cindy Johnston are husband and wife, and their marital community may satisfy any judgment for relief in this case.

12. Defendant Cindy Johnston is a Director of Defendant Ebenezer Industries Inc. dba Liberty Market. As a Director of Defendant Ebenezer Industries Inc. dba Liberty Market, Defendant Cindy Johnston, upon information and belief, sets employment policies for Defendant Ebenezer Industries Inc. dba Liberty Market, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Upon information and belief, Defendant Cindy Johnston exercises control over Defendant Ebenezer Industries Inc. dba Liberty Market's operations, and she has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business' day-to-day functions and the decisions impacting the employees who work there. Defendant Cindy Johnston acts directly as an employer in relation to Plaintiff and the Class Members and is an employer under the FLSA and Arizona law. Upon information and belief, Defendant Cindy Johnston and Joe Johnston are husband and wife, and their marital community may satisfy any judgment for relief in this case.

13. Defendant David Traina is a Director, Shareholder, and President of Defendant Ebenezer Industries Inc. dba Liberty Market. As a Director, Shareholder, and

President of Defendant Ebenezer Industries Inc. dba Liberty Market, Defendant David Traina, upon information and belief, sets employment policies for Defendant Ebenezer Industries Inc. dba Liberty Market, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Upon information and belief, Defendant David Traina exercises control over Defendant Ebenezer Industries Inc. dba Liberty Market's operations, and he has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there. Defendant David Traina acts directly as an employer in relation to Plaintiff and the Class Members and is an employer under the FLSA and Arizona law. Upon information and belief, Defendant David Traina and Kiersten Traina are husband and wife, and their marital community may satisfy any judgment for relief in this case.

14. Defendant Kiersten Traina is a Director, Shareholder, and Secretary of Defendant Ebenezer Industries Inc. dba Liberty Market. As a Director, Shareholder, and Secretary of Defendant Ebenezer Industries Inc. dba Liberty Market, Defendant Kiersten Traina, upon information and belief, sets employment policies for Defendant Ebenezer Industries Inc. dba Liberty Market, including but not limited to controlling and implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Upon information and belief, Defendant Kiersten Traina exercises control over Defendant Ebenezer Industries Inc. dba Liberty Market's operations, and she has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business' day-to-day functions and the decisions impacting the employees who work there. Defendant Kiersten Traina acts directly as an employer in relation to Plaintiff and the Class Members and is an employer under the FLSA and Arizona law. Upon information and belief, Defendant David Traina and Kiersten Traina are husband and wife, and their marital community may satisfy any judgment for relief in this case.

15. At all relevant times, Liberty Market has employed tipped employees like Plaintiff and has had operations in Arizona.

16. At all relevant times, Defendants have been "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

17. Plaintiff and the other similarly situated Class Members are employees as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362(A), and A.R.S. § 23-350(2) and are non-exempt employees under 29 U.S.C. § 213(a)(1).

18. At all relevant times, Defendants were employers as defined by 29 U.S.C. § 203(d), A.R.S. § 23-362(B), and A.R.S. § 23-350(3).

19. At all relevant times, Plaintiff and the other members of the putative class were engaged in commerce and/or worked for Defendants in an enterprise engaged in commerce.

20. Defendants are, and at all relevant times were, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203, with a gross annual volume of sales made or business done greater than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings Count One, the FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees:

> All individuals employed by Liberty Market who participated in a tip pool in the three years prior to filing this lawsuit ("Class Members").

22. Plaintiff, on behalf of himself and all other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay Class Members the minimum wage for all hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendants' records and potential Class Members may easily and quickly be notified of the pendency of this action.

23. Plaintiff is similarly situated to the Class Members because they all are subject to similar policies and procedures. Defendants caused the similarly situated Class Members' wages to be paid to Liberty Market, causing the wages they retained to fall below the minimum wage required by law. The Class Members are also similarly situated because they all are subject to similar pay practices and job duties.

24. Defendants' minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Class Members regularly were not paid the proper minimum wage and tips due as required by the FLSA.

25. Plaintiff and the Class Members performed the same or similar job duties as tipped employees and were subject to the same compensation policies and practices at issue in this action. The requisite work they performed and the deductions Defendants would make from their wages by taking their tips routinely caused their wages to fall below the minimum wage. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

26. Defendants' failure to pay minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other Class Members employed by Defendants.

27. The putative Class Members, including Plaintiff, regardless of their individual circumstances, are entitled to the minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

28. Plaintiff will fairly and adequately protect the interests of the Class Members and has retained counsel experienced and competent in the practice of wage and hour law and class and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings Counts Two and Three, the Arizona Wage Statute unpaid wage claims, as a Rule 23 class action on behalf of himself and the following persons:

> All individuals employed by Liberty Market who participated in a tip pool in the three years prior to filing this lawsuit ("Class Members").

30. Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

31. Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action. Defendants have employed a large number of Class Members. The proposed Class Members are so numerous that joinder of all members is impracticable. Class Members can readily be identified from business records maintained by Defendants.

32. Questions of law and fact common to the Class Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all Class Members. Among the questions of law and fact common to Plaintiff and the Class Members are:

a. whether Defendants employed the Class Members within the meaning of the Arizona Wage Statute and Arizona Minimum Wage Statute;

b. whether Defendants owe the Class Members wages in exchange for work performed;

c. whether Defendants owe the Class Members the minimum wage and wages due as a result of withholding Class Members tips effectively reducing their wages paid; and

d. whether Defendants are liable for damages under the Arizona Wage Statute and Arizona Minimum Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

33. Plaintiff's claims under Arizona state law are typical of those of the Class Members because they have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful wage practices as Plaintiff.

34. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

35. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendants acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

36. Plaintiff will fairly and adequately represent the interests of the Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

**FACTS GIVING RISE TO THE CAUSES OF ACTION**

37. Liberty Market is a restaurant and bar located in Gilbert, Arizona.

38. Liberty Market employs hourly tipped employees like Plaintiff to complete typical restaurant tasks, including servers, bartenders, food runners, bussers, and hosts.

39. Plaintiff was employed by Liberty Market from December 21, 2023 until August 24, 2025 and worked as a Busser initially and then as a Server.

40. Plaintiff is a non-exempt employee entitled to the minimum wage and timely payment of wages due.

41. Plaintiff and the similarly situated employees who are part of the tip pool earn an hourly wage from Liberty Market and they also earn tips from customers.

42. Plaintiff earned an hourly wage from Liberty Market, with his recent rate of $11.70 per hour.

43. Liberty Market utilizes a tip credit to make up the difference between Plaintiff's hourly wage and the minimum wage required in Arizona.

44. In doing so, Liberty Market uses Plaintiff's tips to make up the difference between the hourly wage paid to Plaintiff and the minimum wage required under Arizona and federal law.

45. Liberty Market operates a tip pool among certain employees at the restaurant, including Leads, Bartenders, Servers, Kitchen Expo, Front Expo, Food Runners, Bussers, and Hosts.

46. Liberty Market's tip pool that employees like Plaintiff are required to participate in does not only include employees who customarily and regularly receive tips in violation of the FLSA and the Arizona Minimum Wage Statute.

47. For example, Plaintiff is required to pool tips with Leads, who are management, and Kitchen Expo who do not regularly and customarily receive tips for the back of house labor in the kitchen that they were hired to perform.

48. The Kitchen Expo position is not based on direct customer service. Kitchen Expos work in the back kitchen assisting the Cooks with lining up plates for tipped service employees to take to customers.

49. In addition, Liberty Market has a routine policy and practice of deducting cash register shortages from Plaintiff's and the tipped employees' tips in violation of the FLSA and Arizona Minimum Wage Statute.

50. Tipped employees have been informed by management of instances in which their tips were taken by Liberty Market to cover cash register shortages.

51. In fact, Defendants' policy was to take Plaintiff's and the tip pool employees' tips and use them to cover cash register shortages.

52. As a result of these unlawful pay practices, Liberty Market does not have a lawful tip pool and tip credit practice and they cannot lawfully utilize the tip credit to ensure compliance with the minimum wage requirements.

53. Liberty Market's policies and practices do not allow employees like Plaintiff to retain their tips as required by the FLSA and Arizona law.

54. Instead, Liberty Market retains Plaintiff's tips to pay off cash register shortages and covers compensation for employees that should not be part of the tip pool including Leads and Kitchen Expos.

55. Liberty Market unlawfully requires tipped employees like Plaintiff to pay some of their tips to management employees and back of house staff, effectively retaining their tips for Liberty Market's benefit.

56. Liberty Market also has an unlawful practice of taking its tip pool employees' tips for disciplinary reasons. For example, Liberty Market policy provides that tip pool employees will forfeit their tips in situations when they fail to clock in and do not provide notice of it before payroll is run.

57. The tip pool employees do not provide any written authorization that their tips could be withheld for this unlawful purpose.

58. Plaintiff and the Class Members are entitled to be paid all their tips because Liberty Market operates an unlawful tip pool by retaining their tips to pay for cash register shortages and to pay employees in management and back of house staff that should not be part of a lawful tip pool.

59. Plaintiff and Class Members are also entitled to the full minimum wage under Arizona law, which is currently $14.70 per hour, because Liberty Market's pay practices do not allow for them to lawfully take a tip credit under the FLSA or Arizona law.

60. Furthermore, Plaintiff and Class Members had a reasonable expectation to be paid all the tips they earned, in addition to their reasonable expectation to be paid the proper hourly wages required by federal and Arizona law.

61. By unlawfully retaining their tips, Liberty Market has failed to timely pay wages due to Plaintiff, including tips and regular wages.

62. Liberty Market's tip pool also fails to distribute the tips equally among those employees who are in it, because Liberty Market uses the tip pool as an incentive to retain leadership staff.

63. For example, Liberty Market's tip pool pays the employees who are part of tip pool an increased amount of tips based on their role, with Leads getting paid the most from the tips, followed by Bartenders, Servers, Kitchen Expo, Front Expo, Food Runners, Bussers, and Hosts.

64. Liberty Market uses the tip pool to retain staff such as Leads, who have management duties, by shifting the tips that tipped employees earned to the Leads who do not perform service work.

65. Leads are management employees that should not be in the tip pool.

66. Plaintiff and the similarly situated employees did not agree to have their tips retained by Liberty Market for this unlawful purpose.

67. Plaintiff's duties and compensation are indicative of the similarly situated Class Members.

68. Liberty Market's improper compensation policies and practices applied to Plaintiff and all similarly situated employees he seeks to represent.

69. For example, Liberty Market required all Class Members, including Plaintiff, to participate in the same unlawful tip pool that gives rise to the claims in this action.

70. Liberty Market also violates federal and Arizona wage law by failing to pay its tipped employees the wages they have been promised and are statutorily entitled to during their training period.

71. Liberty Market policy provides that tip pool employees shall be paid the full minimum wage, without a reduction for the tip credit, during the period they are training.

72. The tip pool employees are not supposed to enter the tip pool until after they complete training and they actually become tipped employees.

73. In violation of Liberty Market's own policy and promise to pay tip pool employees the full minimum wage during their training period, the tip pool employees are not paid the minimum wage during the period they are in training.

74. In addition, Defendants require Plaintiff and the tip pool employees to work off the clock without compensation prior to their official start date at Liberty Market, completing mandatory work like setting up phone applications to use for their job duties, reading the employee manual, and taking a test about the employee manual.

75. All the Class Members are uniformly subject to the same unlawful compensation practices that Plaintiff was subject to during his tenure at Liberty Market.

76. Defendants failed to allow Plaintiff and similarly situated employees to retain for themselves, or retain for themselves through a tip pool structured in compliance with the provisions of the FLSA and the Arizona Minimum Wage Statute, all of the tips they have received from customers during the course of their employment with Defendants.

77. Defendants have required Plaintiff and the similarly situated employees, as a condition of their employment, to pool and share their tips with other employees and ownership personnel who do not customarily and regularly receive tips.

78. Defendants, by implementing the policies alleged in this action, have effectively failed to pay any wages whatsoever to Plaintiff and the similarly situated employees, in that Defendants recoup from the employees through the taking of their tips an amount in excess of the amount Defendants pay from their own funds.

79. For example, during the pay period from August 4, 2025 through August 17, 2025, Plaintiff was paid $779.10 for 66.59 hours worked at an hourly rate of $11.70 per hour. Plaintiff was also paid $1,154.93 in tips for a total of $1,934.03 for that pay period.

80. However, Defendants' unlawful tip pool means that the $1,154.93 in tips cannot be included when determining whether Plaintiff earned the minimum wage, and in fact, by using the tips to pay non-tipped employees and other business expenses, Defendants effectively retained Plaintiff's tips for themselves.

81. As such, Plaintiff earned less than the minimum wage during this pay period.

82. Furthermore, Plaintiff was not paid the amount of tips he earned during that period. Plaintiff earned $1,325.43 in just credit card tips for the week of August 4, 2025 to August 10, 2025 and $1,118.77 in just credit card tips for the week of August 11, 2025 to August 17, 2025.

83. Plaintiff's tips for the pay period of August 4, 2025 to August 17, 2025 were significantly more than what he was paid, having been taken by Defendants effectively causing him to be paid no wages during this period.

84. This is just one example of how Defendants reduced Plaintiffs and the tip pool employees' wages in violation of federal and Arizona law.

85. Defendants have failed and refused to make the minimum wage payments required by the FLSA to Plaintiff and Class Members or otherwise comply with the requirements of the FLSA in respect to their employment because they have violated 29 U.S.C. § 203(m) and 29 U.S.C. § 206 of the FLSA and the implementing regulations set forth in 29 C.F.R. § 531.52 and 29 C.F.R. § 531.54.

86. Defendants have failed and refused to make the minimum wage payments required by the Arizona Minimum Wage Statute to Plaintiff and Class Members as well because they have violated A.R.S. § 23-363(C).

87. Defendants' failure to timely pay wages due to Plaintiff and Class Members by withholding their tips, effectively decreasing the amount of wages they were due by the amount of tips they were supposed to be paid.

88. Defendants' violations are willful and in reckless disregard for the law.

## COUNT ONE
## COLLECTIVE ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Minimum Wage and Record Keeping Violation – FLSA – 29 U.S.C. § 206 *et seq.*; Brought Against Defendants by Plaintiff Individually and on Behalf of the Class Members)**

89. The foregoing paragraphs are incorporated as if set forth in their entirety.

90. The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* is a remedial statute designed to ensure that employees who are "suffered" or "permitted" to work for an employer are paid the minimum wage for all hours worked in individual work weeks.

91. At all relevant times, Defendants have been, and continue to be, subject to the minimum wage provisions of the FLSA because its employees are engaged in interstate commerce and Defendants have annual revenues in excess of $500,000.

92. There are no exemptions to the FLSA's minimum wage requirements applicable in this matter.

93. Plaintiff is a non-exempt employee entitled to the statutorily mandated minimum wage according to the FLSA.

94. Defendants are employers pursuant to 29 U.S.C. § 203(d).

95. Defendants failed to comply with 29 U.S.C. § 206 because Plaintiff and the other Class Members performed work for Defendants, but Defendants failed to pay them minimum wage for those hours as required by the FLSA.

96. Defendants willfully violated the FLSA by failing to pay Plaintiff and the other Class Members all the minimum wage due.

97. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions complied with the FLSA.

98. Defendants' violations of the FLSA are, and at all relevant times were, intentional and willful, and accordingly, a three-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

99. As a result of the aforesaid willful violations of the FLSA's minimum wage pay provisions, Defendants have unlawfully withheld minimum wages from Plaintiff and the Class Members. Accordingly, Defendants are liable to Plaintiff and the Class Members for unpaid wages including minimum wage compensation, an additional equal amount in liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants, and pray this Court:

a. Certify the claim set forth in Count One above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated employees, regardless of actual title, who worked for Defendants and were part of Defendants' tip pool in Arizona during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

b. Designate Plaintiff Hamati as the Representative Plaintiff of the Collective Action and undersigned counsel as the attorneys representing the Class Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendants are financially responsible for notifying the Class Members of Defendants' alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**<u>COUNT TWO</u>**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE**
**(Failure to Timely Pay Wages Due, A.R.S. § 23-350 *et seq.*; Brought Against Defendants by Plaintiff and on Behalf of the Class Members)**

100. The foregoing paragraphs are incorporated as if set forth in their entirety.

101. The Arizona Wage Act, A.R.S. § 23-351 *et. seq.* requires employers to timely pay employees wages for all wages due. An employer may not withhold or divert any

portion of an employee's wages without legal authority, written authorization by the employee, or as a result of a good faith dispute over the wages due.

102. Liberty Market was aware that, under A.R.S. §§ 23-351 to 23-353, it was obligated to pay all wages due to Plaintiff and the other Class Members.

103. Liberty Market has failed to pay Plaintiff and the other Class Members for wages due, including regular wages and tip wages that were due Plaintiff and the other Class Members; therefore it has violated A.R.S. § 23-350 *et. seq.*

104. Liberty Market failed to timely pay Plaintiff and the other Class Members wages they are due without a good faith basis for withholding the wages.

105. Liberty Market has willfully failed and refused to timely pay wages due to Plaintiff and the other Class Members. As a result of Liberty Market's unlawful acts, Plaintiff and the other Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

106. As a result of Liberty Market's actions, Plaintiff and the other Class Members have been harmed, have suffered substantial losses, and have been deprived of compensation to which they are entitled, and are thus entitled to an award of the unpaid wages, with prejudgment interest thereon, including treble damages, together with attorneys' fees and costs, pursuant to A.R.S. § 23-355.

107. Liberty Market willfully failed and refused to timely pay wages due to Plaintiff and the Class Members. As a result of Liberty Market's unlawful acts, Plaintiff and the Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

108. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Liberty Market and pray this Court:

a. Certify the state law claim set forth in Count Two above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff as the Class Representative of the Class Members and undersigned counsel as the attorneys representing the Class Members;

c. Award Plaintiff and all similarly situated employees back wages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq*.;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT THREE**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA MINIMUM WAGE STATUTE**
**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought Against Defendants by Plaintiff Individually and on Behalf of the Class Members)**

109. The foregoing paragraphs are incorporated as if set forth in their entirety.

110. At all material times hereto, Plaintiff and the Class Members were employed by Defendants within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Minimum Wage Statute.

111. Plaintiff and the similarly situated employees were entitled to the minimum wage as defined by A.R.S. § 23-363.

112. Defendants were employers pursuant to A.R.S. § 23-362(B).

113. Defendants were aware that, under A.R.S. § 23-363, they were obligated to pay minimum wage due to Plaintiff and the Class Members.

114. Defendants failed to pay Plaintiff and the Class Members minimum wage due without a good faith basis for withholding wages.

115. Defendants have willfully failed and refused to pay minimum wage due to Plaintiff and the Class Members. As a result of Defendants' unlawful acts, Plaintiff and the Class Members are entitled to the statutory remedies pursuant to A.R.S. § 23-364,

including the balance of wages owed, interest thereon, an additional amount equal to twice the underpaid wages, and attorneys' fees and costs.

116. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a. Certify the state law claim set forth in Count Three above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff as the Class Representative of the Class Members and undersigned counsel as the attorneys representing the Class Members;

c. Award Plaintiff and all similarly situated employees back wages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**DEMAND FOR JURY TRIAL**

Plaintiff Jordan Hamati hereby demands a jury trial on all claims with respect to which he may have the right to a jury.

DATED: September 17, 2025.

**FRANKEL SYVERSON PLLC**
By *Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*